UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:12-00020-1 |
| ) | Chief Judge Haynes |
| JEREMY FRENCH. ) | |
| ) | |
| ) | |

## MEMORANDUM

Defendant, Jeremy French, was arrested in Davidson County Tennessee in connection with a home invasion in which Defendant was found to have numerous firearms on his person.

Before the Court is Defendant's motion to dismiss for speedy trial violation (Docket Entry No. 123), contending the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), was violated due to noncompliance with the originally scheduled May 22, 2012 trial date.

### A. Review of the Record

On March 1, 2012, On September 23, 2010, Defendant was indicted in the Middle District of Tennessee for possession of firearms under 18 U.S.C. 922(g)(3), 924 and 2. (Docket Entry No. 14). On March 8, 2012, Defendant was arraigned before the Honorable John S. Bryant. (Docket Entry No. 28). On March 19, 2012, an Order setting trial for May 22, 2012 was entered. (Docket Entry No. 49).

On April 20, 2012, Defendant's first appointed defense counsel field a motion to withdraw. (Docket Entry No. 56). On April 23, 2012, the Court granted defense counsel's motion to withdraw, and new counsel appeared before the Court on May 2, 2012. (Docket Entry Nos. 60, 69)

1

On May 2, 2012, the Court reset Defendant's plea hearing for May 11, 2012. (Docket Entry No. 70). On May 30, 2012, Defendant addressed a letter to the Court requesting the Court set a trial date. (Docket Entry No. 79). The Court ordered counsel file an Order setting trial within 15 days, (Docket Entry No. 79), followed by an Order granting a motion to extend the deadline for filing the agreed order proposing a trial date. (Docket Entry No. 86). The Court granted the parties' motion to set trial for October 23, 2012. (Docket Entry No. 88).

On September 18, 2012, second appointed counsel filed a motion to withdraw, which was granted by the Court on September 19, 2012. (Docket Entry Nos. 93, 94). On October 2, 2012, current defense counsel submitted a motion to continue the trial date for at least 120 days, as counsel believed he could not provide effective counsel at a jury trial within three weeks of his appointment. (Docket Entry No. 97). The Court granted the motion in the interests of justice, resetting trial for February 26, 2013. (Docket Entry Nos. 98, 100).

## B. Conclusions of Law

The Speedy Trial Act, 18 U.S.C. § 3161, provides, in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Under the Speedy Trial Act, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the time computation. 18 U.S.C. § 3161(h)(1)(D). In addition, "delay reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excluded. 18 U.S.C. § 3161(h)(1)(H). The

2

Supreme Court's interpretation of the interplay between these two subsections is set forth in Henderson v. United States, 476 U.S. 321(1986).

If a motion requires a hearing, subsection 18 U.S.C. § 3161(h)(1)(D) excludes the time between the filing of the motion and the hearing on the motion. In addition, the Court is allowed time after the hearing to assemble all papers reasonably necessary to dispose of the motion, including the submission of post-hearing briefs. United States v. Johnson, 29 F.3d 940, 942-43 (5th Cir.1994). Once the Court has received all submissions from counsel, the motion is "under advisement" for purposes of § 3161(h)(1)(H), and the Court has thirty excludable days in which to rule before the speedy trial clock begins to run. Id. at 943.

If the motion does not require a hearing, 18 U.S.C. § 3161(h)(1)(D) excludes the time between the filing of the motion and a "prompt disposition" of the motion. A "prompt disposition" means thirty days from the time a motion is actually "under advisement" for purposes of subsection H. Id. "[U]ntil the court has before it all papers necessary to rule, the court cannot be said to have taken the matter under advisement." Id. at 944. "[A] motion should be considered under advisement for Speedy Trial Act purposes on the day that the last paper concerning the motion at issue was filed with the court." Id.

Here, the length of delay is bounded by Defendant's March 8, 2012 arraignment, and the present time, approximately 11 months later. The Court concludes delay is excluded under 18 U.S.C. § 3161's numerous exceptions. Specifically, the ends of justice are served by excluding from time computation those periods directly following the appointment of new counsel. Defendant's second appointed counsel was appointed with less than three weeks remaining before the originally scheduled trial date. Preserving the May 22, 2012 trial date, and including the period between

3

appointment of counsel and the subsequent Order directing the parties to provide the Court with a new trial date, would have denied Defendant's counsel the reasonable time necessary for effective trial preparation. Once Defendant's original counsel was allowed to withdraw on April 20, 2012, it would have been unreasonable to force either party to trial on the original date.

The Court concludes all time periods following Defendant's original withdrawal on April 20, 2102 are excluded from computation in the interests of justice or through the filing of motions. Thus, the Court concludes that Defendant's right to a speedy trial has not been violated.

An appropriate Order is filed herewith.

```
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court.
```