# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:12-00020-1 |
| | ) | Chief Judge Haynes |
| JEREMY FRENCH. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM

Defendant, Jeremy French, was arrested in Davidson County Tennessee in connection with a home invasion in which Defendant was found to have numerous firearms on his person.

Before the Court is Defendant's motion to dismiss for speedy trial violation (Docket Entry No. 123), contending, in sum: (1) insufficient evidence to prove beyond a reasonable doubt that drug usage by the Defendant factually constituted sufficient length, regularity, or a significant enough patter to constitute "illegal use" under Count 1; (2) the Court erred by denying Defendant's oral motion for a not guilty verdict at the close of the Government's proof; (3) the Court erred in denying each of Defendant's motions to suppress; (4) the Court erred in instructing the jury about the absence of co-defendant Medina; (5) the Court erred in denying the Defendant's motion for speedy trial; and (6) the Government improperly withheld concerning a witness, Tony Williams.

In response, the Government contends, in sum, that: (1) there was sufficient evidence for a reasonable jury to find that Defendant was in unlawful user of a controlled substance; (2) the Court did no err in its instruction to the jury regarding the absence of co-defendant Medina, and any error would be harmless; (3) Defendant erroneously alleges the Government withheld information of a witness prior to trial; and (4) the Court properly denied Defendant's pretrial motions to supress and motion to dismiss for a speedy trial violation.

## A. Statement of Facts

On March 1, 2012, On September 23, 2010, Defendant was indicted in the Middle District of Tennessee for possession of firearms under 18 U.S.C. 922(g)(3), 924 and 2. (Docket Entry No. 14). On March 8, 2012, Defendant was arraigned before the Honorable John S. Bryant. (Docket Entry No. 28). On March 19, 2012, an Order setting trial for May 22, 2012 was entered. (Docket Entry No. 49).

On April 20, 2012, Defendant's first appointed defense counsel field a motion to withdraw. (Docket Entry No. 56). On April 23, 2012, the Court granted defense counsel's motion to withdraw, and new counsel appeared before the Court on May 2, 2012. (Docket Entry Nos. 60, 69)

On May 2, 2012, the Court reset Defendant's plea hearing for May 11, 2012. (Docket Entry No. 70). On May 30, 2012, Defendant addressed a letter to the Court requesting the Court set a trial date. (Docket Entry No. 79). The Court ordered counsel file an Order setting trial within 15 days, (Docket Entry No. 79), followed by an Order granting a motion to extend the deadline for filing the agreed order proposing a trial date. (Docket Entry No. 86). The Court granted the parties' motion to set trial for October 23, 2012. (Docket Entry No. 88).

On September 18, 2012, second appointed counsel filed a motion to withdraw, which was granted by the Court on September 19, 2012. (Docket Entry Nos. 93, 94). On October 2, 2012, current defense counsel submitted a motion to continue the trial date for at least 120 days, as counsel believed he could not provide effective counsel at a jury trial within three weeks of his appointment. (Docket Entry No. 97). The Court granted the motion in the interests of justice, resetting trial for February 26, 2013. (Docket Entry Nos. 98, 100).

On February 26, 2013, Defendant's jury trial commenced. Defendant's counsel orally moved

for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure after the close of the Government's case, after the close of Defendant's case, and after the jury rendered its verdict. The Court denied each of these motions.

On February 28, 2013, the jury found Defendant guilty of committing each of the substantive offenses charged in the indictment, and also guilty of aiding and abetting the commission of each of the charged offenses.

### B. Conclusions of Law

On a motion for a new trial, the Court is to decide if the jury could reasonably reach the verdict based upon the evidence. Powers v. Bayliner Marine Corp., 83 F.3d 790, 798 (6th Cir. 1996). A trial court cannot substitute its judgment on credibility for the jury's determinations. Anderson v. Conwood Co., 34 F. Supp. 2d 650, 653 (W.D. Tenn. 1999) (citing Farber v. Massillon Bd. Of Educ., 917 F.2d 1391, 1395 (6th Cir. 1990)).

Upon a motion for a new trial, the Court is not to set aside the jury verdict absent a showing of a "'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir 1996). The evidence is also reviewed "most strongly in a light in favor of the verdict." Ross v. Meyers, 883 F.2d 486, 488 (6th Cir. 1989).

First, Defendant contends he is entitled to a new trial because the testimony presented at trial about Defendant's pattern of drug use was inferential. Defendant was charged with being an unlawful user of a controlled substance in possession of firearms, in violation of 18 U.S.C. § 922(g)(3) and § 924. There are three elements to the offense: (1) the defendant was an unlawful user

3

of a controlled substance; (2) the defendant knowingly possessed the firearm or firearms specified in the indictment; and (3) firearm or firearms crossed a state line prior to the alleged possession. See 18 U.S.C. § 922(g).

At trial, a Government witness, Michael Hughes, testified as to Defendant's drug use. Defendant contends that Hughes's testimony does not unequivocally express that Defendant used drugs. In particular, Defendant contends there is only one instance in which the witness could have been interpreted to affirm Defendant's use of marijuana:

> Q: But both of you all would smoke it, and this was a regular occurrence for several months leading up to your arrest in December. Is that a fair statement?
>
> A: Yeah.

(Docket Entry No. 220, at 31). Defendant asserts the above exchange constitutes a compound question that calls for an assumption that Defendant used marijuana.

In response, the Government contends that Hughes testified that he used marijuana with Defendant regularly on weekends for several months leading up to the incident in question. At trial, Hughes further testified:

> Q. When you got with Mr. French on weekends, would you all use marijuana?
>
> A. Yes.
>
> Q. When I say use marijuana, what would you do?
>
> A. Just smoke.
>
> Q. Smoke joints?
>
> A. Yeah.
>
> Q. Did you all roll joints and smoke them?

A. Yeah, just joints.

Id. at 31. Moreover, the Government contends Hughes testified that he and Defendant, as well as others, used marijuana on the night of the incident. In addition, police recovered a small quantity from Defendant's person at the time of his arrest. Given the testimony presented at trial, along with the physical evidence collected by law enforcement at the time of arrest, the Court concludes the evidence presented at trial, in its totality, supported the jury's conviction of Defendant.

Second, Defendant contends that he is entitled to a new trial because the Court erred when it explained the absence of co-defendant Medina. At trial, the Court stated,

> Ladies and gentlemen, as you may observe, there is no co-defendant at the table. Mr. Medina elected to enter a guilty plea to an information that charged him as an accessory after the fact relating to the offense of assisting the defendant French and another who were drug addicts or using drugs, assisting them to conceal and evade law enforcement officers.

Id. at 7. Defendant contends the Court, in the above instruction, erred by naming Defendant as a drug addict, and that the Court's instruction effectively could have led the jury to believe that co-defendant Medina had pled guilty to helping Defendant commit Count One. Yet, following a bench conference, the Court further instructed the jury that,

> I had to tell you that because nobody was sitting at the table. **But you are not to consider that as factual matter. You are to decide this case based solely on the evidence admitted into the record under the law given to you by the Court.**

Id. at 7-8 (emphasis added).

It is well established that jurors are presumed to follow instructions of the Court unless there is an "overwhelming probability" that the jury will be unable to follow the Court's instructions. See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987). Here, there is no evidence the jurors gave improper consideration to Medina's guilty plea. Thus, the Court concludes it did not err in instructing the jury

5

about co-defendant Medina's guilty plea.

Third, Defendant asserts that the Government withheld discovery about witness Tony Williams until the weekend before trial. In particular, Defendant contends that: (1) his counsel was not allowed to interview Williams; (2) the Government did not make Williams available or otherwise provide statements or a summary of the testimony; and (3) the withholding of information presented his counsel with a Hobson's Choice of either proceeding to cross examine without prior preparation, or of stopping the trial. In response, the Government contends it disclosed the substance of the witness' testimony on the Friday before trial via electronic mail. The Government filled a copy of the electronic communication under seal. The Court concludes the Government did not withhold discovery concerning witness Williams. Thus, the Court concludes Defendant was not prejudiced by Williams's testimony. Accordingly, there can be no prejudice to Defendant warranting a new trial.

Finally, Defendant asserts that the Court erred in denying his pretrial motions to suppress and motion to dismiss for a speedy trial violation. Regarding the motion to dismiss for a speedy trial violation, the Court stated in open court that,

> The Court has calculated the amount of time that was required to accommodate the substitution of counsel for the defendant. I think we've been through three or four lawyers for this defendant. And the calculation of the time period required for those defendant's new counsel to be prepared are excludable time under the Speedy Trial Act. And for that reason it [is] denied.

(Docket Entry No. 217, at 4) (alterations added). The Court concludes that denying Defendant's motion was correct.

Moreover, regarding reconsideration of the Court's denial of Defendant's numerous motions to suppress (Docket Entry Nos. 109, 112, and 127), the Court again denies the motions for the same

6

reasons stated in open court. See Docket Entry Nos. 165, 171, and 172.

## C. Conclusion

For the foregoing reasons, Defendant's motion for a new trial (Docket Entry No. 222) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the _____ day of June, 2013.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court